## City of Hazard et al. v. Minge et ux.

(Decided March 27, 1936.)

JOHN E. CAMPBELL for appellants.

W. C. EVERSOLE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

John R. Minge and wife own two residences front-

ing on Newland avenue in the city of Hazard, one of which they occupy as a home and the other is let to tenants.

They instituted this action against the city of Hazard and T. D. Draughn alleging in substance that dedendants are threatening to cut off water from two residences and discontinue water service to them, and threatening to enter upon and injure the lawns which have been improved and beautified with sod, shrubbery, flowers, etc.; that they have paid all water bills, taxes, etc., due the city. They asked that defendants be enjoined from so doing.

Defendants by answer admitted all the allegations of the petition except that they were threatening to commit the acts complained of and affirmatively alleged that they had run a main or water line along the curb of Newland avenue and made a tap for the two pieces of property owned by plaintiffs and put meters thereon; that they had notified plaintiffs to make proper connections therewith for their separate pieces of property; that such connections are required and in keeping with ordinances of the city and rules and regulations promulgated by the Utilities Commission of Kentucky, and they set out the provisions of the ordinance and the rules and regulations of the commission.

The answer details at length the present situation with reference to the present water pipes, connection with the properties in question, and the condition of the meters, pipes, etc., which will be referred to in a discussion of the evidence.

The chancellor found that plaintiffs had been supplied with water since 1920 through pipes laid at their expense, and had always paid their water bills; that defendants were threatening to cut off such service, and adjudged that they be enjoined from so doing. It was further adjudged that defendants might make a change in the location of water lines and appliances on plaintiffs' two pieces of property, but that the cost of such changes be borne by defendants.

It is impossible to get a clear understanding of the situation from the pleadings or proof. A diagram or plat showing the layout was used in evidence, but has not been made a part of or filed with the record. As we gather from the record, a water system was first

installed in Hazard by some individual and was later acquired by the city. The promoter, because of lack of sufficient funds could not lay mains or water pipes along all the streets. The nearest line to appellees' property was along a street some distance away. Mr. Minge testified that he, at his own expense, laid a pipe from this line, which runs through two other lots before reaching his property. There are separate pipes running to his two residences, each equipped with a meter which he paid for, but it appears that he was reimbursed for the outlay for meters by monthly deductions from his water bills. The two lots through which the pipes reach appellees' property are served from the line which Mr. Minge says he laid, there being a meter between the water main and these properties through which all the water furnished them runs. According to evidence for appellants, there has been no trouble in determining the amount of appellees' bills, although it is stated that the meters on the two lines serving these properties are worn and practically useless. The main contention made by appellants is that they have to go upon the property of others to repair or service appellees' lines, and if the property owners should object they could not service appellees' lines outside of his property lines. But it does not appear that in all the years the present condition has existed any such objection has ever been made.

Counsel for appellants asserts that the only question to be determined is whether a municipality or public service corporation operating waterworks may make and enforce reasonable rules and regulations. Without exception, so far as our research discloses, authorities in this and all other jurisdictions recognize that they may. See Tackett v. Prestonsburg Water Co., 238 Ky. 613, 38 S. W. (2d) 687; and cases therein cited; 27 R. C. L. 1407, 1408 and annotations. It is not the rule but its application that gives us concern. If appellees have provided lines running to each of the buildings that meet the requirements, a rule that would compel them to abandon these and go to the expense of laying others would not be reasonable, but, on the contrary, would be arbitrary and oppressive. If the meters on the pipes connected with appellees do not properly function, it is only a matter of replacing them. It is unnecessary to determine just how far the city or the Public Service Commission may go in the matter of rules and regula-

tions, since, as we view the matter, from the record, no violation of the rules or regulations of either pleaded by appellants is involved. It is admitted that during all the years since the connection was made water has been metered to each of appellees' buildings and no reason is shown why this may not continue. The contingencies anticipated by appellants may never arise.

The chancellor's finding is in accord with the weight of the evidence, and in such circumstances, or where the mind is left in doubt concerning the matter, it will not be disturbed by the appellate court.

Judgment affirmed.